GLENN W. TROST (SBN: 116203)
gtrost@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

STEVEN LIEBERMAN (PHV Pending)
slieberm@rothwellfigg.com
ANNE M. STERBA (PHV Pending)
asterba@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: 202-783-6040
Facsimile: 202-783-6031

Attorneys for Plaintiffs Cognizant Technology Solutions Corporation and CoreLogic, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV11-1709 DOC (MLGx)

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, a Delaware Corporation; and CORELOGIC, INC., a Delaware Corporation,<br><br>PLAINTIFFS,<br><br>V.<br><br>VBCONVERSIONS LLC, a California Limited Liability Company; and DOES 1-10,<br><br>DEFENDANTS. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

For their Complaint, Plaintiffs Cognizant Technology Solutions Corporation ("Cognizant") and CoreLogic, Inc. ("CoreLogic") aver as follows and seek declaratory relief in response to threats by defendant VBConversions LLC

("VBConversions") to sue Plaintiffs for copyright infringement if Plaintiffs do not pay exorbitant sums of money to VBConversions:

### PARTIES

1. Plaintiff Cognizant is a Delaware corporation with its principal place of business at 500 Frank W. Burr Boulevard, Teaneck, New Jersey 07666.

2. Plaintiff CoreLogic is a Delaware corporation with its principal place of business at 4 First American Way, Santa Ana, California 92707.

3. On information and belief, VBConversions is a California limited liability company with its principal place of business in Santa Monica, California.

4. The true identities of Does 1-10 are not presently known to Plaintiffs, and so they are sued fictitiously as is permitted under Local Rule 19-1.

### JURISDICTION AND VENUE

5. As averred in more detail below, an actual controversy or case exists between the parties, providing this Court with subject-matter jurisdiction under Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338 and 17 U.S.C. §§ 101, *et seq.*

6. Venue in this District is proper based on 28 U.S.C. §§ 1391 and 1400(a).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

7. Cognizant is a leading provider of information technology, consulting and business process outsourcing services.

8. Corelogic is a leading provider of consumer, financial and property information, analytics and services to businesses and the government.

9. Upon information and belief, VBConversions operates in various states and in this judicial district by selling, distributing and licensing a computer software program known as "VB.NET to C# Converter" (the "Program"), which purportedly converts software code written in the Visual Basic programming language to the C# (pronounced "C Sharp") programming language. VBConversions sells the Program for $199.00, which includes free upgrades for life.

10. VBConversions purports to own a copyright registration to the Program – TX 6-285-849.

11. On information and belief, VBConversions provides the Program on a time-limited trial basis for users to download and evaluate without first purchasing a license.

12. On information and belief, VBConversions also tracks each user's activity in near real time into a database.

13. On information and belief, in order to continue using the Program beyond the trial period, a user must provide a license key, which can be purchased from VBConversions for $199.00.

14. On or about July 26, 2011, CoreLogic and a third-party co-owner sold non-party CoreLogic Global Services Private Limited to a subsidiary of Cognizant.

15. Prior to July 26, 2011, Cognizant had no ownership interest in and to CoreLogic Global Services Private Limited.

16. CoreLogic Global Services Private Limited, now owned by Cognizant, during the relevant time period and today operates in India with over 4,000 employees who do, among other things, computer coding.

17. VBConversions alleges that on several occasions over the past two years, one individual working solely in India for CoreLogic Global Services Private Limited (now owned by Cognizant) used the Program without properly obtaining a license and paying the $199.00 fee.

18. Specifically, on or about September 12, 2011, VBConversions, through correspondence from counsel, demanded that Plaintiffs cease and desist use of the Program, and demanded $342,000.00 in compensation for all damages and/or profits that Plaintiffs allegedly gained by using the Program ("Demand").

19. VBConversions alleges that an employee in India of CoreLogic Global Services Private Limited used an unauthorized license key to convert code using the Program on the following dates: May 20, 2010, May 27, 2010, and May 28, 2010. The Demand further alleges that "illegal use" of the Program was noted on the

1  following dates: June 1, 2010, June 5, 2010, December 22, 2010 and February 23,
2  2011.

4      20.    VBConversions accuses Plaintiffs of using the Program for certain
5  "projects," namely: ADaM.WCF.PL.DAC; ADaM.WCF.PL.BC;
6  DaM.WCF.PL.BPC; ADaM.WCF.PL.Common; ADaM.WCF.PL.NUnit;
7  ADaM.WCF.PLWCFService; ADaM.WCF.PL.WCFTest; and
8  Credco.ADaM.ServerProcess.

10     21.    Plaintiffs investigated VBConversions' allegations and responded.

12     22.    VBConversions acknowledged, *inter alia*, that the employee of
13 CoreLogic Global Services Private Limited (now owned by Cognizant), who had
14 accessed the Program, did so from his office in India.

16     23.    Plaintiffs also informed VBConversions that the employee accessed
17 the software merely for testing and evaluation purposes and did not use it to create
18 any product or service sold by Plaintiffs.

20     24.    Plaintiffs advised VBConversions that the use of the Program in India
21 did not result in any usable code for this employee's purpose and therefore, was not
22 used in any of Plaintiffs' software products or commercial solutions, or otherwise
23 used to provide any of Plaintiffs' services.

25     25.    Plaintiffs also informed VBConversions that no output from the
26 Program was used in any of Plaintiffs' software products, and Plaintiffs received no
27 direct or indirect benefit from the use of the Program.

26. Although the Program costs $199.00 per unit with free upgrades for life, VBConversions unreasonably demands that Plaintiffs pay VBConversions $342,000 or be forced to defend an expensive copyright infringement lawsuit.

27. Despite the fact that the allegedly infringing activities occurred only in India and no allegedly infringing activities occurred in the United States, VBConversions has indicated its intent to sue Plaintiffs unless Plaintiffs pay hundreds of thousands of dollars to avoid litigation.

28. VBConversions has sent numerous similar demand letters to others threatening an expensive copyright infringement lawsuit over the $199.00 Program unless VBConversions receives extraordinary sums of money from those third parties.

29. VBConversions has also engaged in a pattern, dating back to at least 2006, of suing companies over its software (and has been the defendant in numerous declaratory judgment actions) where VBConversions has demanded extortionate sums of money from those who have allegedly used its software without a proper license.

30. Specifically, in July of 2006, IEM, Inc. sued Fresh Software and VBConversions on a declaratory judgment similar to this Complaint, based on the demand by VBConversions and Fresh Software for a payment of $100,000.00 to settle a potential claim of copyright infringement over the same Program, which at that time sold for $99.00 per unit.

31. Since 2006, VBConversions has been involved in no fewer than 21 lawsuits over its outrageous demands, and has been sued in similar declaratory judgment actions several times.

32. VBConversions has engaged and is still engaged in abusive and/or improper conduct in exploiting its copyright, and its extortionate conduct is contrary to public policy and the purpose and statutory language of the Copyright Act.

33. VBConversions has unfairly threatened infringement penalties that exaggerate or misstate the law, including relying on theories of damages that do not comport with copyright law.

34. The clear purpose of VBConversions' conduct is to coerce outrageous sums of money from parties such as Plaintiffs under the threat of expensive litigation.

35. In light of VBConversions' Demand and its extortionate conduct directed at Plaintiffs, Plaintiffs reasonably believe that, under all the circumstances, there is a substantial controversy between Plaintiffs and VBConversions of sufficient immediacy and reality to warrant the issuance of declaratory relief.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY RELIEF)

36. Plaintiffs repeat the allegations of the preceding paragraphs as if fully set forth herein.

37. Plaintiffs have not infringed any valid, enforceable U.S. copyright of VBConversions.

38. Plaintiffs are not liable for contributory or vicarious copyright infringement. Plaintiffs have not contributed to or assisted in the infringement of any valid, enforceable copyright of VBConversions and, *inter alia*, there is no domestic infringing act actionable under U.S. copyright laws.

39. Plaintiffs have not violated 17 U.S.C. § 1201 because Plaintiffs did not circumvent any technological measure that effectively controls access to a copyrighted work in the United States.

40. Plaintiffs have never used and are not currently using the Program in the United States.

41. Plaintiffs cannot be deemed willful infringers under U.S. copyright law.

42. An actual controversy exists between Plaintiffs and VBConversions as to whether Plaintiffs are liable to VBConversions for violations under the copyright laws based on the preceding facts, and if Plaintiffs are liable in any way, an actual controversy exists as to the damages for any alleged violations.

43. To afford relief from the uncertainty and controversy raised by this dispute, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

# PRAYER

Wherefore, Plaintiffs Cognizant Technology Solutions Corporation and Corelogic, Inc. pray for judgment as follows:

1. Enter a declaratory judgment that Plaintiffs are not liable for any damages sought by VBConversions;

2. Enter a declaratory judgment that Plaintiffs did not directly, contributorily and/or vicariously infringe any valid, enforceable U.S. copyright of VBConversions;

3. Award Plaintiffs their costs and attorneys' fees under 17 U.S.C. § 505;

4. Enter a Declaratory judgment that Plaintiffs did not circumvent a technological measure that effectively controls access to a copyrighted work in the United States in violation of 17 U.S.C. § 1201;

5. Declare that Plaintiffs and their affiliated companies are not directly, contributorily and/or vicariously liable for any violation of the Digital Millennium Copyright Act, including 17 U.S.C. § 1201(a);

6. Award Plaintiffs their costs and attorneys' fees under 17 U.S.C. § 1203; and

7. Award such other and further relief as this Court shall deem just and equitable.

| | | |
|---|---|---|
| 1 | Dated: November 7, 2011 | CONNOLLY BOVE LODGE & HUTZ LLP |
| 2 | | |
| 3 | | ROTHWELL, FIGG, ERNST & MANBECK P.C. |
| 4 | | By: /s/ Glenn W. Trost |
| 5 | | Glenn W. Trost |
| 6 | | Attorneys for Plaintiffs Cognizant Technology Solutions Corporation and CoreLogic, Inc. |

# DEMAND FOR JURY TRIAL

Plaintiffs Cognizant Technology Solutions Corporation and Corelogic, Inc. hereby demand trial by jury.

Dated: November 7, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

ROTHWELL, FIGG, ERNST & MANBECK P.C.

By: *Glenn W. Trost*
Glenn W. Trost
Attorneys for Plaintiffs Cognizant Technology Solutions Corporation and CoreLogic, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV11- 1709 DOC (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, a Delaware Corporation; and CORELOGIC, INC., a Delaware Corporation,
*Plaintiff*

v.

VBCONVERSIONS LLC, a California Limited Liability Company, AND DOES 1 through 10
*Defendant*

Civil Action No. SACV11-1709 DOC (MLGx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* VBCONVERSIONS LLC
c/o Donald M. Gindy, Agent for Service of Process
1880 Century Park East, Suite 615
Los Angeles, CA 90067

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Glenn W. Trost         Tel: (213) 787-2500
gtrost@cblh.com        Fax: (213) 687-0498
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: NOV - 7 2011

JULIE PRADO
*Signature of Clerk or Deputy Clerk*



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, a Delaware Corporation; and CORELOGIC, INC., a Delaware Corporation

**DEFENDANTS**
VBCONVERSIONS LLC, a California limited liability company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Glenn W. Trost (SBN# 116203)    T: (213) 787-2500
CONNOLLY BOVE LODGE & HUTZ LLP    F: (213) 687-0498
333 S. Grand Ave., Ste. 2300, Los Angeles, CA 90071

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.) 17 USC §§ 101, et seq.

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: SACV11-1709

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV 10-07659 VBF (SS), CV 10-00748 DMG (AGR), CV 11-01642 JHN (PJW), CV 11-02213 VBF (SS), CV 11-02594 VBF (SS), CV 11-06321 JFW (JCG), CV 11-06846 PA (JC)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Bergen County, New Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 7, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |